28 F.3d 111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Max K. WEISBARTH, Plaintiff-Appellant,
v.
HAWAIIAN TUG & BARGE CO.; Inlandboatmens Union of the
Pacific; John Does 1-20, Defendants-Appellees.
 No. 93-15645.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 31, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Max Weisbarth appeals the district court's order granting summary judgment in favor of his employer, Hawaiian Tug and Barge Corp. ("Hawaiian Tug"), and his labor union, Inlandboatmen's Union of the Pacific ("the union"). The district court concluded that Weisbarth's tort claims required interpretation of the collective bargaining agreement ("CBA") between Hawaiian Tug and the union, and were therefore preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Weisbarth was employed for several years as an able-bodied seaman with Hawaiian Tug's predecessor. He was removed from the payroll in 1982 when injuries disabled him from performing his duties. Since that time, he has received long term disability benefits from the company's insurer.
 
 
 4
 In April 1988, Weisbarth applied for a position as a dispatcher at Hawaiian Tug. The criteria for filling the position, set forth in the company's CBA, provided that if certain relevant factors were relatively equal, seniority should govern employee promotion and transfer decisions. Hawaiian Tug awarded the position to an active employee who had less seniority than Weisbarth. In June, the company notified Weisbarth that his application had been rejected. Weisbarth wrote to his union requesting an explanation for the rejection. The union referred the request to Hawaiian Tug, which responded in a letter to Weisbarth dated August 16, 1988, that the chosen applicant was more qualified than he.
 
 
 5
 On October 8, 1988, Weisbarth filed a grievance with the union protesting his non-selection for the dispatcher position. The company denied the grievance because it was untimely under the CBA and because the company believed it had complied with the CBA in its hiring process. Weisbarth did not ask the union to pursue his grievance in arbitration, as provided by the CBA.
 
 
 6
 In August 1991, Weisbarth filed a complaint in federal district court against Hawaiian Tug and the union alleging negligence, intentional and negligent infliction of emotional distress, discrimination and violation of antitrust laws. He subsequently discovered that he had been officially terminated by the company in 1983.
 
 
 7
 The district court dismissed the tort claims on summary judgment, holding that they were preempted by section 301 of the LMRA. The court dismissed the discrimination and antitrust claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Weisbarth appeals only the summary judgment on the tort claims.
 
 II
 
 8
 Weisbarth argues that the district court erred in holding that his tort claims are preempted by section 301 of the LMRA. He contends that because he is not an employee of the company, the CBA "does not apply" to him and his state tort claims do not arise under the agreement.[1]
 
 
 9
 We review de novo the district court's grant of summary judgment to determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Schacter-Jones v. General Telephone, 936 F.2d 435, 438 (9th Cir.1991).
 
 
 10
 Section 301 of the LMRA provides that a suit for breach of a collective bargaining agreement is governed exclusively by federal law. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987); see 29 U.S.C. Sec. 185(a). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." Young, 830 F.2d at 997 (citations omitted). The test for preemption of a tort claim is whether the state confers non-negotiable rights on employees independent of the labor contract, or " 'whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.' " Id. at 999 (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)).
 
 
 11
 Weisbarth's arguments are without merit. According to his complaint, the alleged torts arose from the failure of Hawaiian Tug and the union "to make accommodations for Mr. Weisbarth to return to work on a lite-duty [sic] basis." The tort claims were therefore based on duties he believed were owed to him under the CBA. Were we to accept Weisbarth's argument that because he is no longer an employee he has no rights under the agreement, his complaint would fail to state a claim for any torts.
 
 
 12
 Because evaluation of Weisbarth's tort claims is inextricably intertwined with interpretation of the labor contract, the claims are preempted by section 301. The district court properly granted summary judgment for the defendants.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Weisbarth devotes a majority of his argument to contesting the district court's statement, contained in a footnote of the summary judgment order, that Weisbarth is estopped from arguing that he is not an employee of the company because he pursued the grievance procedure provided in the CBA when he initially learned of the company's hiring decision. We need not address this argument, however, because we hold that Weisbarth's employment status is irrelevant to the preemption analysis in this case